# ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

**ADVERSARY PROCEEDING NUMBER**
(Court Use Only)

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| ELEAZAR SALAZAR | U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE C-BASS MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-CB2, ITS ASSIGNEES AND/OR SUCCESORS, LITTON LOAN SERVICING, LP, QUALITY LOAN SERVICE CORPORATION, DOES 1-20 |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Francisco J. Aldana, Esq.<br>THE ADVOCATES' LAW FIRM, LLP<br>600 B Street, Suite 2130, San Diego, CA 92101<br>(619) 236-8355 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☑ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Declaratory Judgment and for Damages for Conducting an Unlawful Foreclosure, for Falsely Claiming a Secured Interest in the Salazar Home, Violation of California Business and Professions Code § 17200, Intentional and Emotional Infliction of Emotional Distress, Elder Abuse, and for Failure to Perfect Deed of Trust on Residential Real Property

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11 - Recovery of money/property - § 542 turnover of property
- ☐ 12 - Recovery of money/property - § 547 preference
- ☐ 13 - Recovery of money/property - § 548 fraudulent transfer
- ☑ 14 - Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☑ 21 - Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31 - Approval of sale of property of estate and of co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41 - Objection / revocation of discharge - § 727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51 - Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66 - Dischargeability - § 523(a)(1),(14),(14A) priority tax claims
- ☐ 62 - Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67 - Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61 - Dischargeability - § 523(a)(5), domestic support
- ☐ 68 - Dischargeability - § 523(a)(6), willful and malicious injury
- ☐ 63 - Dischargeability - § 523(a)(8), student loan
- ☐ 64 - Dischargeability - § 523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65 - Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71 - Injunctive relief - reinstatement of stay
- ☑ 72 - Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81 - Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☑ 91 - Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01 - Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§ 78aaa *et.seq.*
- ☐ 02 - Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| | |
|---|---|
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>ELEAZAR SALAZAR | | BANKRUPTCY CASE NO.<br>10-17456-MM13 |
| DISTRICT IN WHICH CASE IS PENDING<br>Southern District of California | DIVISIONAL OFFICE<br>San Diego | NAME OF JUDGE<br>Hon. Margaret M. Mann |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>9/13/11 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Francisco J. Aldana | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Francisco J. Aldana (CSB #216388)
**THE ADVOCATES' LAW FIRM, LLP**
600 B Street, Suite 2130
San Diego, California 92101-4512
Telephone: (619) 236-8355
Toll Free & Facsimile: (888) 222-5864

Attorney for Debtor
Eleazar Salazar

**UNITED STATES BANKRUPTCY COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

In Regards:

ELEAZAR SALAZAR,

Debtor,

---

ELEAZAR SALAZAR,

Plaintiff,

versus

U.S. Bank National Association, as Trustee for the C-BASS Mortgage Loan Asset-Backed Certificates, Series 2006-CB2, its assignees and/or successors, LITTON LOAN SERVICING, LP, QUALITY LOAN SERVICE CORPORATION, ACCREDITED HOME LOANS, INC., Inc., DOES 1-20,

Defendants.

Adversary Number: _____

Case Number: **10-17456-MM13**

___________

**COMPLAINT OF THE DEBTOR FOR DECLARATORY JUDGMENT AND FOR DAMAGES FOR CONDUCTING AN UNLAWFUL FORECLOSURE, FOR FALSELY CLAIMING A SECURED INTEREST IN THE SALAZAR HOME, VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, INTENTIONAL AND EMOTIONAL INFLICTION OF EMOTIONAL DISTRESS, ELDER ABUSE, AND FOR FAILURE TO PERFECT DEED OF TRUST ON RESIDENTIAL REAL PROPERTY, QUIET TITLE**



THE ADVOCATES' LAW FIRM, LLP
www.theadvocateslaw.com

THE ADVOCATES' LAW FIRM, LLP
www.theadvocateslaw.com

**Introduction**

1. This is an action brought by the Debtor/Plaintiff for a Declaratory Judgment, injunctive and equitable relief as provided for by Rules 3007, 7001(7) and 7001(9) of the Federal Rules of Bankruptcy Procedure ("Rules of Bankruptcy Procedure").

2. This is also an action to determine the secured status of the Defendant in this case pursuant to Sections 105(a), 502(b)(1), 506 and 544(a) of the Bankruptcy Code and Rule 3007 of the Bankruptcy Rules.

3. The Debtor is also seeking the recovery of actual and punitive damages from the Defendants pursuant to Sections 362(a) and 105(a) of Title 11 of the United States Code commonly referred to as the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (hereinafter "Bankruptcy Code") for filing a false and fraudulent proof of claim and false declarations in violation of Section 501 of the Code and Rules 3001(c) and 3001(d) of the Bankruptcy Rules.

**Jurisdiction**

4. This is a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and matters arising out of the administration of this bankruptcy case and rights duly established under Title 11 of the United States Code and other applicable federal law.

5. Accredited Home Loans is a corporation allowed to conduct business in California.

6. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code and Section 157(b)(2) of Title 28 of the United States Code.

7. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

**The Parties**

THE ADVOCATES' LAW FIRM, LLP
www.theadvocateslaw.com

8. Eleazar Salazar is a debtor under Chapter 13 of title 11 of the United States Code. (hereinafter "Debtor")

9. David L. Skelton is the assigned Trustee in Salazar's case.

10. Quality Loan Service Corporation (hereinafter "Quality") is a corporation is a corporation headquartered in San Diego, California.

11. U.S. Bank National Association, as Trustee for the C-BASS Mortgage Loan Asset-Backed Certificates, Series 2006-CB2, is a national association headquartered at 800 Nicollet Mall, Minneapolis, Minnesota, but is engaged in activities in San Diego County and throughout California not as a banker, but merely as a trustee engaged in trust activities of the Trust described below, but has never qualified itself to do business in California as a trust, (hereinafter “U.S. Bank”).

12. The C-BASS Mortgage Loan Asset-Backed Certificates, Series 2006-CB2 (“the Trust”) is a common law trust formed on or about February 1, 2006, pursuant to New York law. The corpus of the Trust purportedly consists of a pool of approximately about a billion dollars ($937,292,000) in about 4,200 residential mortgage notes secured by liens on residential real estate. The Plaintiff is informed and believes and thereon alleges that the Trust has no officers or directors and no continuing duties other than to hold assets and to issue the series of certificates of investment as described in the Prospectus identified below.

13. Said Pooling and Servicing Agreement dated March 16, 2006, is a public legal document filed with the Securities and Exchange Commission on or about February 1, 2006. The Pooling and Servicing Agreement serves to create and to limit the powers and duties of the Trust and the Trustee. The Pooling and Servicing Agreement provides for a double purchase and sale whereby a Seller sells certain mortgage loans to a Depositor which, in turn, sells the mortgage loans to the Trust. As described in the Prospectus, the transactions are designed to be “True Sales” to comply with Internal Revenue Code requirements for a Real Estate Mortgage Investment Conduit, or “REMIC,” and to be bankruptcy remote from any claims of the originators

of the said loans. The Pooling and Servicing Agreement (the "PSA") also establishes the terms and conditions for servicing the mortgage-backed notes to be held in the trust pool. The website for this document: http://www.sec.gov/Archives/edgar/data/1354955/000090514806002330/efc6-1070_5836427ex991.txt

A detailed description of the mortgage loans is included in Form 425(B)(5) ("the Prospectus") filed with the Securities and Exchange Commission on March 2, 2006. The Trust's SEC CIK Code for all SEC filing is 0001354955, and file number: 333-87146-05. Plaintiff herein requests this court take judicial notice of said documents.

14. A review of the Pooling and Servicing Agreement indicates that the Seller is CREDIT-BASED ASSET SERVICING AND SECURITIZATION LLC, a Delaware limited liability company, BOND SECURITIZATION, L.L.C. is the Depositor, and the Trustee is U.S. BANK NATIONAL ASSOCIATION.

15. LITTON LOAN SERVICING LP, (hereinafter "Litton") is a corporation headquartered in Houston, Texas, and is the master Servicer under the Pooling and Servicing Agreement described above. (hereinafter "Litton")

**The Underling Bankruptcy Case**

16. This case was commenced by the filing of a Chapter 13 petition with the Clerk of this Court on September 30, 2010. On September 30, Debtor's attorney provided the Defendants with written notice of the filing. A Chapter 13 plan was filed on October 15, 2010.

17. An Order for Relief under the provisions of Chapter 13 of the Bankruptcy Code was duly entered by this Court upon the filing of the petition. This order served to invoke the provisions of Section 362(a) of the Bankruptcy Code.

18. The 341(a) meeting(s) of creditors has been held in San Diego, California and has been concluded.

19. The Debtor listed on Schedules A and D a debt to Litton Loan Servicing. Debtor disputes he owes this debt to either Litton Loan Servicing or US Bank. The

THE ADVOCATES' LAW FIRM, LLP
www.theadvocateslaw.com

amount of claim listed was $332,263.00. The debt is disputed to the extent that the Debtor denied that either Litton or U.S. Bank held a valid, and enforceable secured or unsecured claim against property of the bankruptcy estate, specifically: the Debtor's single-family home located at 1268 Emerald Way, Calexico, California 92231 (the Property), as evidence by a Deed of Trust dated, October 27, 2005, Number: 2005-043260 of the Official Records of the Imperial County Recorder. Neither Litton nor U.S. Bank are listed as having any beneficial interest in said Deed of Trust. Chicago Title is listed as the Trustee.

20. Mortgage Electronic Registration Systems, Inc. ("MERS"), headquartered in Reston, Virginia, is named as acting solely as a nominee and beneficiary under the Deed of Trust securing the Note. Plaintiff is informed and believes that MERS allegedly is not a party to and expressly has no beneficial interest in the Note, thereby severing the beneficial interest under the Note and Deed of Trust.

21. Plaintiff is informed and believes and thereon alleges that under the terms of said Pooling and Servicing Agreement all assets must be conveyed to the Trust on or before a fixed date of February 1, 2006, (the "Cut-Off Date"), or said assets will not be deemed property or assets of the Trust. (See page 20 of PSA)

22. Under Section 2.01 (Conveyance of Mortgage) of the Pooling and Servicing Agreement, as of the Cut-Off Date of February 1, 2006, the Depositor allegedly conveyed to the Trustee before the Closing date of February 28, 2006 and had a duty to do so, including both with the transfer the assignment of each original Note and of each Deed of Trust.

23. The Agreement contains a reference to an attached schedule to the PSA, by which each individual mortgage loan in the pool is identified by address and other characteristics, but no such schedule is attached to the document filed with the SEC, and there is no indication in the Pooling and Servicing Agreement of a Deed of Trust against the Calexico property located in Imperial County property held by the Trust, and it is impossible to ascertain from the Pooling and Servicing Agreement itself whether the

THE ADVOCATES' LAW FIRM, LLP
www.theadvocateslaw.com

THE ADVOCATES' LAW FIRM, LLP
www.theadvocateslaw.com

Deed of Trust is included in the trust pool.

24. On December 7, 2009, Quality Loan Service Corporation, foreclosed on property, which is the home of Debtor.

25. On December 21, 2009, Defendant US Bank filed an unlawful detainer in the Superior Court of California, County of Imperial, El Centro Courthouse, case number CCL17509, a few days before Christmas.

26. Said foreclosure took place after an alleged Notice of Default filed on behalf of in favor of MERS (Mortgage Electronic Registration System) as nominee for Accredited Home Lenders, Inc. Said Notice of Default was recorded on May 7, 2009, document number 2009-013786. Said Notice of Default was filed by Quality Loan Service, as agent for beneficiary. The notice of default stated as follows:

The Notice of Default was recorded on May 7, 2009, and states:

> That the undersigned is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated October 12, 2005, executed by ELEAZAR SALAZAR, AN UNMARRIED MAN, as Trustor, to secure certain obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR ACCREDITED HOME LENDERS, INC., as beneficiary, recorded October 27, 2006 ...
>
> Said obligations include 1 NOTE(S) ... and the obligations secured thereby are presently held by the undersigned ...

27. Quality Loan Service Corp., AS AGENT FOR BENEFICIARY, BY: LSI Title Company, as Agent, [signed] Memlyn L. Aquos On May 6, 2009, a Substitution of Trustee was signed by MERS as the beneficiary under the Deed of Trust, substituting Quality Loan Service Corporation in place of Chicago Title. This document was notarized on May 13, 2009.

28. Neither in the aforementioned documents nor in the County Recorder's Office of the Imperial County does there appear any assignment recorded whatsoever by and between the alleged original lender, Accredited Home Loans, Inc., to anyone, regarding the Salazar property, which is the subject of this litigation.

29. Neither MERS has made any assignments of any interests to anyone or

THE ADVOCATES' LAW FIRM, LLP
www.theadvocateslaw.com

any of the defendants herein regarding the Salazar property, which is the subject of this litigation.

30. There is no known statute in California that allows MERS or any financial institution to use the name of a shell company, nominee, or some other form of agency instead of the actual owner of the interest in land. There is also no known statute in bankruptcy law allowing a nominee to become a real party in interest.

31. Plaintiff alleges that neither defendant in the herein adversary proceeding has or had either constitutional or prudential standing to foreclose on the Salazar property.

32. Further, the both the Trust (C-BASS Mortgage Loan Asset-Backed Certificates, Series 2006-CB2) and U.S. Bank lacked standing to foreclose on the Salazar property as there was no assignment into the Trust from Accredited Home Loans, either before the closing date nor after the closing date.

33. A longstanding and unchanged bedrock principle in American jurisprudence holds that a mortgagee has no rights without the note. Carpenter v. *Longan*, 83 U.S. 271, 274 (1872) ("the note and mortgage are inseparable..., the assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity.") Plaintiff further alleges that to date, every state Supreme Court that has looked into the issue of whether MERS is a mortgagee has concluded that MERS is not a mortgagee or a deed of trust beneficiary.

34. Neither defendant had the right to foreclose on the Salazar Property.

35. Neither defendant has any beneficial interest or security interest or unsecured interest in the Salazar Property or the bankruptcy estate.

36. Defendants have violated California Civil Code Section 2932.5 in that it is clear that "the power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded."

37. Defendants have violated California Civil Code Section 2933a because the Substitution of Trustee was not signed by all the beneficiaries – it specifically omits

THE ADVOCATES' LAW FIRM, LLP
www.theadvocateslaw.com

Accredited Home Lenders, Inc., the only lender and beneficiary of record apart from the purported nominee beneficiary, MERS.

38. MERS purports to be a registry such as the Department of Motor Vehicles. MERS allegedly assigns mortgages MIN numbers (mortgage identification numbers), just as the DMV keeps track of VIN numbers (vehicle identification numbers). Neither MERS nor the DMV own the mortgages nor the vehicles and neither have any beneficial interests in these mortgages or vehicles, as stated by R.K. Arnold, President and CEO or MERSCORP, Inc. on November 16, 2010 before the Senate Committee on Banking, Housing and Urban Affairs.

39. Debtor alleges that under the Deed of Trust in this case is equivalent to a mortgage due to the plain language of the DOT, and Debtor alleges that the distinction between a DOT and a mortgage is namely one of nomenclature and are analogous to each other.

40. Plaintiff alleges that, assuming the mortgage was successfully transferred into the PSA, MERS, as the alleged beneficiary, has lost its status as such, as the alleged current owners of the mortgages pooled in the PSA are the shareholders and no longer MERS.

41. Plaintiff alleges that if the PSA controls the foreclosure of the Salazar property, the PSA requires that any assignments be recorded and that only the Servicer can foreclose and not the trustee.

42. US Bank on behalf of the Trust claimed ownership of the Deed of Trust securing the Note but has provided no credible or admissible evidence of such.

43. There has been no cognizable chain of title assignments to the DOT for the Salazar property recorded in the Imperial County Recorder's Office.

44. MERS, the alleged beneficiary of the Deed of Trust, is a stranger to the Pooling and Servicing Agreement because the Agreement is between Bond Securitization, LLC, as depositor, and Credit-Based Asset Servicing and Securitization, LLC, as Seller, and U.S. Bank National Association, as Trustee.

45. As soon as the debtor was falling behind on his mortgage due to the recession, in order to save his home from foreclosure, Debtor and daughter began to pursue a loan modification under the HAMP program.

46. An agreement was reached with Litton and the payment was about $1,116.00. Debtor made the payments on time. He was to make three payments on time, which he did make them on a timely basis.

47. In spite of these three trial period payments being made, Litton still pursued the foreclosure because Litton was hoping to cash in on the government insurance it had. If Litton foreclosed on Debtor, not only would Litton be able to sell this "toxic" asset, Litton would be able to submit a claim to the government and recover the whole amount of the note. Therefore, Litton had falsely represented to debtor that it would modify his loan and foreclosed on the property.

48. On October 26, 2010, creditor U.S. Bank filed a motion for relief from stay.

49. After several continuances and oppositions from debtor, the bankruptcy court, Judge Margaret M. Mann, denied creditor's U.S. Bank's relief from stay and filed an Amended Memorandum for Publication on April 12, 2011, stating that U.S. Bank had failed to present credible and admissible evidence that showed the U.S. Bank had standing to foreclose and that the foreclosure was void ab initio. (See Docket Report 50, in the Bankruptcy Proceeding.)

50. Attached to the Motion to Lift Stay were assertions by U.S. Bank and its counsel, that U.S. Bank had standing to foreclose and it had conducted the foreclosure sale according to California law and applicable statutes. U.S. Bank stated this in a declaration under penalty of perjury knowing these facts to be false.

51. Plaintiff is informed and believes and therefore alleges that the Note in this case and the other mortgage loans identified in the Pooling and Servicing Agreement were never actually transferred and delivered by Bond Securitization, LLC, as depositor, and Credit-Based Asset Servicing and Securitization, LLC, as Seller, and U.S. Bank National

**THE ADVOCATES' LAW FIRM, LLP**
**www.theadvocateslaw.com**

Association, as Trustee to the Trustee for the Trust. Specifically, the Plaintiff alleges that Section 2.01 of the Pooling and Servicing Agreement provides as follows: "For each mortgage loan ... the Seller on behalf of the Depositor does hereby deliver on the Closing Date ... and deposit with the Trustee, or the Custodian as its designated agent, the following documents or instruments with respect to each mortgage loan "MORTGAGE FILE" so transferred and assigned: the original Mortgage Note, endorsed either on its face, or by allonge attached thereto in blank or in any other form.

52. The Prospectus and Prospectus Supplement filed with the SEC in this case on Form 424(B)(5) includes the Risk of Investment in the Trust. The Prospectus and Prospectus Supplement provide the risk that there is no liability for a failure to transfer certain notes and that certain losses resulting from a reduction by a bankruptcy court of scheduled payments of principal and interest on a loan or a reduction by the court of the principal amount of a loan may occur. The Plaintiff alleges that these statements to the potential investors in the Prospectus and the Prospectus Supplement constitute admissions and admissions against interest by the Defendants that security for the Note may not be a perfected claim in the event a loan in the pool becomes involved in a bankruptcy proceeding.

53. Plaintiff therefore alleges upon information and belief that none of the Defendants in this case holds a perfected and secured claim in the residential real estate of the Debtor located at 1268 Emerald Way, Calexico, California 92231 and property of this estate in bankruptcy and that all of the said Defendants are estopped and precluded from asserting a secured or unsecured claim against this estate.

**FIRST CLAIM FOR RELIEF**
**(Declaratory and Injunctive Relief)**
**(Debtor/Plaintiff Incorporates All Previous Allegations)**

54. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above, as if fully set forth herein.

55. By reason of Defendants' conduct alleged above, Plaintiff is entitled to an equitable decree enjoining U.S. BANK, LITTON, ACCREDITED HOME LENDERS, QUALITY and ACCREDITED and each of them, from continuing to allege and assert any



THE ADVOCATES' LAW FIRM, LLP
www.theadvocateslaw.com

claim as to an enforceable secured or unsecured claim against property of the estate in bankruptcy.

**SECOND CLAIM FOR RELIEF**
**(Failure to Perfect Deed of Trust)**
**(Debtor/Plaintiff Incorporates All Previous Allegations)**

56. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above, as if fully set forth herein.

57. Plaintiff alleges that none of the Defendants hold a perfected and secured claim in the residential real estate of the Debtor and the property of this estate in bankruptcy and that all of the said Defendants are estopped and precluded from asserting an unsecured claim against this estate pursuant to Sections 105(a), 502(b)(1), 506 and 544(a) of the Bankruptcy Code and Rule 3007 of the Bankruptcy Rules.

**THIRD**
**CLAIM FOR RELIEF**
**(Violations of the Bankruptcy Code)**
**(Debtor/Plaintiff Incorporates All Previous Allegations)**

58. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above, as if fully set forth herein.

59. Plaintiff is also seeking the recovery of actual and punitive damages from the Defendants and equitable relief pursuant to Sections 362(a) and 105(a) of Title 11 of the United States Code commonly referred to as the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (hereinafter the "Bankruptcy Code") for intentionally foreclosing and filing a motion for relief from stay knowing defendants, in particularly U.S. Bank, as trustee for the Trust did not have standing and filing false declarations.

60. Under 11 U.S.C. § 105, the Court has the inherent ability to enforce the Court's orders, rules, and to prevent an abuse of process, and to protect the individual and the bankruptcy estate to the extent that the Court finds that filing of a relief from stay and the foreclosing on the property without any standing, which is a fraud upon the Court and/or a fraud upon the Chapter 13 estate.

THE ADVOCATES' LAW FIRM, LLP
www.theadvocateslaw.com

61. The Court should sanction the Defendants and award the Plaintiff damages as set forth above, and attorney's fees and expenses pursuant to 11 U.S.C. § 105(a).

62. This Defendants' willful and intentional conduct causes harm to the bankruptcy claims process and the bankruptcy estate.

63. As a result of the foregoing acts, the Court should disallow and void the claims of Defendants whether or not the Debtor receives a discharge in the underlying case.

**FOURTH CLAIM FOR RELIEF**

**(Unfair and Deceptive Acts and Practices)**

**(Debtor/Plaintiff Incorporates All Previous Allegations)**

64. Plaintiff incorporates by reference and re-alleges every allegation set forth above, as if fully set forth herein.

65. Although, not the Federal Government, there are guidelines that LITTON failed to follow, so its actions and failures to act in implementing the HAMP program are so intertwined with requirements imposed and oversight conducted by United States Treasury Department and its financial and administrative agents as to constitute action under color of federal law.

66. Plaintiff is an intended third-party beneficiary under the HAMP Contract of LITTON, and U.S. Bank, and the United States of America.

67. Every contract carries with it an implied covenant of good faith and fair dealing, obligating the contracting parties to perform their obligations under the contract fairly and in good faith, to refrain from engaging in acts that impede others from performing under the contract or deprive others of the benefits of the contract.

68. The purpose of the HAMP Contract and HAMP, as well as the Home Affordable Modification Agreement described above, is to protect homeowners, including Plaintiff. By failing to comply with its obligations under said contracts, by filing false claims and declarations, and by proceeding with the foreclosure despite Plaintiff having qualified, executed and having performed his obligations under the Home Affordable Modification Agreement

described above, U.S. Bank knew that would cause severe harm and hardship, including the loss of Plaintiff's home.

69. The false, fraudulent, deceptive, unfair, and illegal acts outlined above, constitute an unlawful business act or practice within the meaning of the California Consumer Legal Remedies Act contained in California Civil Code § 1750 et seq. and California Business and Professions Code Section 17200.

70. This claim is brought pursuant to California's Consumer Legal Remedies Act and UCL (Unfair Competition Law) in order to remedy this unlawful conduct and thus seeks permanent injunctive relief to end the described conduct and also seeks to provide restitution and damages to Plaintiff for Defendants' unlawful, deceptive and unfair conduct.

**PRAYER**

As a result of the allegations herein, the Plaintiff respectfully prays for the following relief for all causes of action:

a. A finding that neither U.S. Bank, or the C-BASS Mortgage Loan Asset-Backed Certificates, Series 2006-CB2, or Litton Loan Services, or Accredited Home Loans, have any enforceable secured or unsecured claim against property of the estate in bankruptcy;

b. That the motion for relief from stay and its attached declarations on behalf of U.S. Bank and the Trust are false, fraudulent, and otherwise unlawful;

c. That the foreclosure by Quality on behalf of U.S. Bank as trustee for the Trust is void ab initio.

d. Award Plaintiff his actual damages, and treble or punitive damages;

e. Grant sanctions against the Defendants in order to prevent future conduct of this kind;

f. Award attorney's fees and costs.

g. That the Plaintiff have such other and further relief as the Court may deem just and proper.

Dated September 13, 2011

THE ADVOCATES' LAW FIRM, LLP

_/s/Francisco J. Aldana_______________
Francisco J. Aldana, Esq.
Attorney for Debtor
Eleazar Salazar